UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STANDARD FIRE INSURANCE CO.,<br>        Plaintiff,<br><br>        v.<br><br>OMEGA FLEX, INC.,<br>        Defendant. | No. 3:12-cv-851 (SRU) |

CONFERENCE MEMORANDUM AND ORDER

On April 27, 2015, I held a telephone conference on the record with Thomas Paolini and Thomas Underwood, attorneys for plaintiff-subrogee Standard Fire Insurance Company ("Standard Fire"), and Thomas DeMicco, attorney for defendant Omega Flex, Inc. ("Omega Flex"). The purpose of the call was to resolve Omega Flex's objection to producing its employee, Robin Thurm, for deposition, and to reset case deadlines to allow for that and several other depositions.

I.   Thurm Deposition

Standard Fire noted that during its September 2014 deposition of Omega Flex's Rule 30(b)(6) witness, that witness made reference to certain documents and a video related to the company's training of its corrugated stainless-steel tubing ("CSST") installers. During that deposition, Omega Flex's witness indicated that the two employees involved in the drafting and record-keeping of those files were Timothy Scanlan, General Counsel, and Robin Thurm, ISO Coordinator.[1] Standard Fire then issued a notice for Robin Thurm's deposition, and Omega Flex

---

1. Standard Fire previously had requested to depose Scanlan, and I had denied that request. Mem. of Conf. 3 (doc. 83).

objected and refused to produce Thurm. Omega Flex principally argues that Thurm is a "low-level" employee who was not involved in the drafting of the training and documents to which Standard Fire refers and thus any information Thurm could provide would be irrelevant.

Omega Flex intends to rely on a defense that an installer, operating as an independent contractor, failed to comply with its guidance and training regarding CSST-bonding. Omega Flex additionally did not identify another senior employee, other than Scanlan, who would have adequate knowledge of the training materials for the purposes of deposition. Given that Omega Flex has not identified alternate deponents it would not object to producing, I overruled Omega Flex's objection and ordered it to produce Thurm.

## II. Scheduling

The parties additionally move to set final deadlines all pretrial deadlines and for the trial, itself. I adopt the parties' joint motion to amend the scheduling order (doc. 103). Accordingly, the following deadlines apply:

- Fact discovery shall close by June 8, 2015, and all discovery shall close by September 30, 2015.

- Expert discovery shall close by September 30, 2015. Standard Fire shall serve its expert disclosure reports by June 15, 2015, and Omega Flex shall serve its expert disclosure reports by July 15, 2015. Depositions of Standard Fire's experts shall be completed by August 31, 2015, and depositions of Omega Flex's experts shall be completed by September 30, 2015.

- A damages analysis shall be provided by June 15, 2015.

- Dispositive and *Daubert* motions, if any, shall be filed by October 30, 2015.

- The parties' Joint Trial Memorandum shall be filed by December 15, 2015.

- Jury selection shall take place on January 8, 2016, at 9:00 a.m.

- Jury trial shall commence on January 11, 2016, at 9:00 a.m.

It is so ordered.

Dated at Bridgeport, Connecticut, this 29th day of April 2015.

        /s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge