UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STANDARD FIRE INSURANCE CO., <br>     Plaintiff, <br><br>     v. <br><br> OMEGA FLEX, INC., <br>     Defendant. | No. 3:12-cv-851 (SRU) |

**CONFERENCE MEMORANDUM AND ORDER**

On June 5, 2015, I held a telephone conference on the record with Thomas Paolini and Thomas Underwood, attorneys for plaintiff-subrogee Standard Fire Insurance Company ("Standard Fire"), and Thomas DeMicco, attorney for defendant Omega Flex, Inc. ("Omega Flex"). The purpose of the call was to resolve Standard Fire's request to compel the deposition of Omega Flex's employee responsible for assembling responses to Standard Fire's document production requests regarding Omega Flex's "Fuel Gas Pipe" ("FGP") division. For the reasons set forth on the record and in this Order, Standard Fire's request is **granted**.

On March 15 and March 25, 2015, Standard Fire served Omega Flex with its request for production of all control documents related to corrugated stainless steel tubing ("CSST") produced by Omega Flex's FGP division. On May 28, 2015, Standard Fire deposed the record-keeper for Omega Flex's FGP control documents, Robin Thurm. During that deposition, Thurm testified that Standard Fire had not received all FGP documents and that she had not been consulted in the process of assembling responses to Standard Fire's requests for production. Standard Fire expressed concern that, given the parties' history of disagreements regarding discovery, that it may not have received full responses to its requests for production. Accordingly, Standard Fire sought to depose the Omega Flex employee responsible for

assembling the defendant's responses to the March requests for production to determine the completeness of production.

Omega Flex objected to that request, principally arguing that any effort to depose the employees responsible for assembling responses to requests for document production would breach attorney-client privilege and work product privilege.  Omega Flex requested that Standard Fire either issue its questions in the form of interrogatories or be required to submit a motion to compel and allow briefing on the matter.

It is common litigation practice to conduct a deposition on the completeness of document production, particularly when parties may have a history of partial or non-compliance.  I noted that holding such a deposition is not a punitive measure, but rather a method to confirm the completeness of production.  Further, because counsel will be present at any such deposition, the likelihood of the deponent unintentionally waiving attorney-client privilege or abrogating work product privilege is remote.

Thus, I granted Standard Fire's request to depose the Omega Flex paralegal who conducted the search for, and assembled the documents in, the FGP production.  I did not set a time limit on the deposition beyond the limit set in the Federal Rules of Civil Procedure, see Rule 30(d)(1).

It is so ordered.

Dated at Bridgeport, Connecticut, this 8th day of June 2015.

     /s/ STEFAN R. UNDERHILL
     Stefan R. Underhill
     United States District Judge